Totten, J.,
delivered the opinion of the court.
In this case it appears that Pirtle & Stout, the plaintiffs in the action, sued the defendant, on the 1st of April, 1851, on an account for $32 76, for boarding the defendant, on which judgment was rendered. That on the 5th April, 1851, plaintiffs sued defendant on another account for $48 75, for boarding her son, on which judgment was likewise rendered.
This latter judgment is objected to, on the ground, that both accounts should be regarded as one entire demand, and that the judgment on the former account should be considered as a bar to any action upon the latter.
But there is proof in the case, tending to show, that at the trial upon the latter account, its justice was in effect admitted, and defendant’s counsel stated, that he had no defence to make to the case. The justice of the account is otherwise fully established. In reference to this state of the case, the court instructed the jury, that if the present account was adjudicated upon in the former suit, or if it was released in order to give the court jurisdiction of the former suit, no action could be maintained upon it.
And further, if it was due at the date of the former suit, it is to be presumed that it was considered and concluded in that case. But if the parties recognised the two accounts as separate and distinct, and after the former judgment the defend *264 ant recognised the present account as a just and subsisting claim, the plaintiffs would be entitled to recover.
Certainly this charge is strictly correct. And as to the facts, we have seen that there is proof tending to support the verdict, and in fact, quite sufficient, as we think, to maintain it.
It is true, that a party will not be permitted to split his cause of action, and to bring several suits for portions of the same demand. Such practice operates as a fraud upon the jurisdiction of the court, and as a fraud upon the defendant by oppressing him with unnecessary costs.
Now, in the present case, the two accounts might have been united in the same action, just as two notes might have been united.
But if they were regarded by the parties as separate and distinct accounts, and the justice of the one here sued upon» recognized after a judgment was rendered upon the other, we. do not think that in such case the rule should be made to apply.
The defendant offered to prove by parol, that there had been a warrant and account for $60, including said $48, returned before justice Linville, before either of these suits was commenced, and the proof was rejected.
This was certainly correct, as no ground had been laid to prove by parol the existence and contents of these written papers.
Let the judgment be affirmed.